20-4266-cv
Martin v. Town of Simsbury

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of January, two thousand twenty-two.

PRESENT:
        SUSAN L. CARNEY,
        STEVEN J. MENASHI,
        MYRNA PÉREZ,
                *Circuit Judges.*

---

Timothy G. Martin,

                *Plaintiff-Appellant*,

                v.                                                                     20-4266

Town of Simsbury, Hiram Peck, M. Howard
Beach, Michael Glidden, Margery C. B. Winters,
Darren Cunningham, Jason Levy, Craig
MacCormac, Donna Beinstein, Donald Rieger,

                *Defendants-Appellees*,

Jennifer Kertanis, Kristin Kula, Jim Morrison,

                *Defendants*.

---

FOR PLAINTIFF-APPELLANT:                TIMOTHY MARTIN, *pro se*, Lakeville, CT.

FOR DEFENDANTS-APPELLEES:                JONATHAN C. ZELLNER, Ryan Ryan Deluca
                                        LLP, Stamford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Dooley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Timothy Martin, proceeding *pro se*, sued the Town of Simsbury, Connecticut, and certain local officials (together, "the Town") under 42 U.S.C. § 1983, alleging violations of the Fifth and Fourteenth Amendments and state law in connection with the Town's treatment of his efforts to develop property that he owns in the Town (the "Property"). He asserted that the Town's decision to deny him a building permit to develop the Property effectively deprived him of all economically beneficial use of the Property, in violation of the Fifth Amendment's Takings Clause and the Connecticut Constitution, and that the denial also violated the Equal Protection Clause of the Fourteenth Amendment. Concluding that there was no genuine dispute of material fact related to any of Martin's claims, the district court granted summary judgment to the Town. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and we refer to them only as necessary to explain our decision to affirm the district court's judgment.

We review a district court's grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (*per curiam*). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

Upon such review, we conclude that the district court properly granted summary judgment to the Town. A reasonable jury could not conclude based on the record at summary judgment that the Town effected a categorical regulatory taking of the Property because Martin has not offered evidence showing that the Town's actions have permanently precluded him from building a residential unit on the Property; the record reflects that the Town denied Martin's permit application because he has refused to undertake testing for wetlands soils and has not built the frontage road that the Town's regulations require.[1] A categorical takings analysis is not applicable to these circumstances. *See Sherman v. Town of Chester*, 752 F.3d 554, 565 (2d Cir. 2014) ("The type of obstruction at issue here is not susceptible to a yes-always or no-never categorical approach."); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 535 U.S. 302, 321 (2002) (rejecting the application of a categorical takings analysis to a temporary moratorium on development). The frontage and wetlands requirements that Martin complains of were in place—and Town officials warned Martin about them—before he chose to divide the larger lot that he owned, thus creating the Property.

Further, the Town was entitled to judgment as a matter of law on Martin's class-of-one equal protection claim because a reasonable jury could not have concluded that his situation was *prima facie* identical to that of his neighbors, who built a much smaller structure that was not located on any wetlands. *See Hu v. City of New York*, 927 F.3d 81, 94 (2d Cir. 2019).

---

[1] Martin claims a categorical taking alone, not a non-categorical regulatory taking. *See Sherman v. Town of Chester*, 752 F.3d 554, 564 (2d Cir. 2014). He has not challenged on appeal the district court's analysis of the latter type of taking, thus waiving any challenge to that determination. *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). Nor has he argued, before the district court or on appeal, that "the permit condition" of soil testing or a frontage road does not "serve[] the same governmental purpose as the development ban." *Nollan v. Cal. Coastal Comm'n*, 483 U.S. 825, 837 (1987).

\* \* \*

We have considered all of Martin's arguments and find in them no basis for reversal.   The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court